```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                           Criminal No. 11-cr-148-01-PB

Kamel Pickens


**O R D E R**

On October 19, 2011, the Grand Jury sitting in this district returned an indictment charging defendant with one count of conspiracy to commit bank robbery and one count of aiding and abetting bank robbery.  On November 9, 2011, defendant was arrested in New York.  That same day, he appeared in the United States District Court for the Northern District of New York before United States Magistrate Judge Randolph F. Treece for an initial appearance.  At defendant's initial appearance, the government moved for detention.  Defendant waived his right to have an identity hearing but requested to be heard on bail.  On November 14, 2011, Magistrate Judge Treece conducted a detention hearing and ordered the defendant to be detained.  Judge Treece's findings are contained in a detention order dated November 14, 2011.

On December 9, 2011, defendant appeared in New Hampshire for his initial appearance and counsel was appointed. Defendant requested a detention hearing but wanted a continuance to gather evidence. The government raised doubts about defendant's entitlement to a detention hearing in New Hampshire where he had already had a detention hearing in New York, and defense counsel requested time to research the issue. The court granted defendant's request to continue the detention hearing and asked defense counsel to file, in advance of the continued hearing, a memorandum addressing the question of defendant's entitlement to a bail hearing.

On the afternoon of December 20, 2011, shortly before the scheduled hearing, defense counsel filed a Motion for Pretrial Release (doc. no. 9), arguing that defendant was entitled to a detention hearing under 18 U.S.C. § 3142, in New Hampshire, since this is his first appearance before a judicial officer in the charging district. The only new fact alleged in the motion was the change in defendant's locale from the arresting to the charging district.

At the hearing, the government objected to the motion and argued that 18 U.S.C. § 3142(f)(2) permits a defendant to file a motion to reopen the detention hearing based on a change in circumstances before the judicial officer in New York who issued

the original detention order, but that § 3142(f) does not permit defendant's detention hearing to be reopened in New Hampshire before this magistrate judge. The government asserts that the Bail Reform Act permitted defendant to challenge his detention in New Hampshire only by filing a motion for revocation or amendment of the order under 18 U.S.C. §3145(b). In support of its argument, the government relies on United States v. Cannon, 711 F. Supp. 2d 602, 606-09 (E.D. Va. 2010).

The defendant in Cannon was, like Mr. Pickens, arrested in a district other than the charging district, and he, like Mr. Pickens, elected to have a detention hearing in the arresting district. Id. at 603-04. Following the hearing, a district judge in the arresting district issued a detention order. Id. The defendant then went before a magistrate judge in the charging district and requested a second detention hearing. Id. The magistrate judge in Cannon reasoned that the Bail Reform Act permits a defendant two bail hearings: one at his initial appearance before a magistrate judge and a second by way of de novo review by an Article III judge under §3145(b). Id. at 607-08. Moreover, the magistrate judge concluded that nothing in the structure of the federal court system permitted a magistrate judge to review an order issued by a district judge. Id. at 608.

In dicta, the magistrate judge in Cannon opined that, under 18 U.S.C. § 3145(b), the authority of a magistrate judge to review the detention order of another magistrate judge is not at all clear.  Id. at 608 n.5.  The court cited United States v. Johnson, which held that the Bail Reform Act "authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district."  858 F. Supp. 119, 122 (N.D. Ind. 1994).

The reasoning of Cannon is persuasive, and I apply it here. A defendant who is detained following a hearing in the arresting district is not entitled to a second bail hearing following his transfer to and initial appearance before the court in the charging district.  However, pursuant to § 3145(b), such a defendant is entitled in the charging district, to challenge the detention order issued by the court in the arresting district. I conclude, however, that only an Article III judge has the authority, under § 3245(b), to review a detention order issued by a magistrate judge in the arresting district.

For these reasons, the court declines to construe Mr. Pickens' motion as one brought pursuant to § 3145(b) for review of his detention order. The motion (doc. no. 9) is, therefore, denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 21, 2011

cc: Simon R. Brown, Esq.
    Terry Ollila, Esq.
    United States Marshal
    United States Probation